NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

OSCAR ALEXIS REYES-ALFARO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3777

Agency No.
A208-367-387

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Petitioner Oscar Alexis Reyes-Alfaro (Reyes-Alfaro) petitions for review of

a Board of Immigration Appeals (BIA) decision affirming the immigration judge's

(IJ) denial of asylum, withholding of removal, and protection under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition.

"We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation omitted). "We review the BIA's legal determinations de novo," and we "review the BIA's factual determinations for substantial evidence, meaning we may reverse only if the evidence compels a conclusion contrary to the BIA's." *Id.*

1.      The BIA did not err by denying Reyes-Alfaro's asylum and withholding of removal applications because he failed to "prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citations omitted). Because Reyes-Alfaro alleged persecution based on political opinion, he had to show that (1) "he held (or that his persecutors believed that he held) a political opinion" and (2) "his persecutors persecuted him (or that he faces the prospect of such persecution) *because of* his [actual or imputed] political opinion." *Navas v. INS*, 217 F.3d 646, 656 (9th Cir. 2000) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 482–84 (1992)). The BIA did not err by finding that Reyes-Alfaro's refusal to join MS-13 did not establish the first element because this "act was not a 'sufficiently conscious and deliberate' expression of a political opinion." *Rodriguez-Zuniga*, 69 F.4th at 1017

2                                          23-3777

(quoting *De Valle v. INS*, 901 F.2d 787, 791 (9th Cir. 1990)); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *Elias-Zacarias*, 502 U.S. at 482.

Furthermore, the agency's finding that MS-13 did not harm Reyes-Alfaro on account of any actual or imputed political opinion is supported by substantial evidence. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding that a petitioner failed to establish nexus by failing "to present evidence that he was politically or ideologically opposed to the ideals espoused by the gang that recruited him (or to gangs in general), or that the gang imputed to him any particular political belief"). We therefore deny Reyes-Alfaro's petition as to his applications for asylum and withholding of removal. *Rodriguez-Zuniga*, 69 F.4th at 1018 (citing *Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021)) (requiring a showing of nexus for both asylum and withholding claims based on political opinion).

2.  To gain CAT relief, a petitioner must "prove that it is more likely than not that (1) [he], in particular, would be (2) subject to harm amounting to torture (3) by or with the acquiescence of a public official, if removed." *Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (citations omitted); *see also* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "Torture is an extreme form of cruel

and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). "Relevant considerations for a CAT claim include evidence of past torture inflicted upon the applicant, evidence of safe internal relocation, evidence of mass violations of human rights within the country of removal, and other pertinent country conditions." *Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019); *see also* 8 C.F.R. §§ 1208.16(c)(3).

Because the BIA adopted the portion of the IJ's decision denying CAT relief, we review that part of the IJ's decision. *See Umana-Escobar*, 69 F.4th at 550. The IJ's finding that Reyes-Alfaro failed to show that he will more likely than not be tortured with the consent or acquiescence of the Honduran government upon removal is supported by substantial evidence. Reyes-Alfaro testified that members of MS-13 beat him three times over a five-year period and that one of the beatings broke his nose. This testimony does not show past harm rising to the level of torture. *See, e.g.*, *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013); *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007).

Also, Reyes-Alfaro's testimony that the Honduran police would not protect him from MS-13 in the future was "unsupported and speculative," as he did not report the past threats or beatings to the police, and thus does not establish government acquiescence. *Santos-Lemus*, 542 F.3d at 748; 8 C.F.R.

4

§ 1208.18(a)(7).  Finally, the country reports showing sporadic instances of torture by "security forces" do not compel a contrary conclusion.  *See also Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021) (noting that evidence of "generalized" violence does not compel the conclusion that a petitioner will more likely than not be subjected to such violence).  We reject Reyes-Alfaro's argument that the agency failed to consider all relevant evidence because nothing in the record or the BIA's or IJ's decisions supports this assertion.  *Cf. Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).  We deny Reyes-Alfaro's petition as to CAT relief.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.